Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHERYL LOVE, <br><br> Plaintiff, <br><br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC., <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR DAMAGES** <br> **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.;** <br> **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ.** <br><br> **JURY TRIAL DEMANDED** |

# COMPLAINT

CHERYL LOVE ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, cal. Civ. Code §1788, *et seq.* ("RFDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant maintains its headquarters and conducts business in the State of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Vallejo, California 94590.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7. Defendant is a corporation with its principal place of business located at 350 Camino de la Reina, Suite 100, San Diego, California 92108.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C.

§1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

9. Debt collection is the principal purpose of Defendant's business.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Plaintiff has a cellular telephone number.

12. Plaintiff has only used this phone number as a cellular phone.

13. Defendant placed repeated harassing telephone calls to Plaintiff on her cellular telephone seeking to collect an alleged consumer debt, which was primarily incurred for personal, family, or household purposes.

14. Shortly after calls started Plaintiff first told Defendant to stop calling.

15. Defendant heard and acknowledged Plaintiff's request to stop calling, but continued to call repeatedly.

16. Once Defendant knew its calls were unwanted any further calls could only have been placed for the purpose of harassing Plaintiff.

17. At least one of Defendant's calls to Plaintiff within the relevant time frame were made before 8:00 a.m. and/or after 9:00 p.m. local time at Plaintiff's location.

18. Plaintiff never provided Defendant with any information to suggest that

receiving calls before 8:00 a.m. local time or after 9:00 p.m. local time would be convenient for her.

19. Defendant's incessant collection calls were upsetting, unwanted and irritating for Plaintiff to endure.

20. Defendant's actions as described herein were taken with the intent to harass, upset, and coerce Plaintiff to pay the alleged debt.

## COUNT I
## **DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA**

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

23. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

24. Defendant violated both sections when it placed repeated harassing telephone calls to Plaintiff knowing its calls were unwanted.

# COUNT II
# DEFENDANT VIOLATED §1692c(a)(1) OF THE FDCPA

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein

26. Section 1692c(a)(1) of the FDCPA forbids a debt collector from communicating with a consumer in connection with the collection of any debt before 8:00 a.m. of after 9:00 p.m. local time at the consumer's location unless it has knowledge of circumstances making such communications at such times not inconvenient to Plaintiff.

27. Within the relevant timeframe, Defendant communicated with Plaintiff in connection with the collection of a debt before 8:00 a.m. and/or after 9:00 p.m. local time at Plaintiff's location.

28. Upon information and belief, Defendant has never had any knowledge of any circumstances to cause it to reasonably believe that receiving communications in connection with the collection of a debt before 8:00 a.m. and/or after 9:00 p.m. would not inconvenience Plaintiff.

29. Defendant therefore violated Section 1692c(a)(1) of the FDCPA.

# COUNT III
# DEFENDANT VIOLATED THE
# <u>ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT</u>

30. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

31. Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.

WHEREFORE, Plaintiff, CHERYL LOVE, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17; and

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CHERYL LOVE, demands a jury trial in her case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C..

DATED: November 1, 2019

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT